IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKY ASHLEY                                                                    PETITIONER
ADC #099718C

v.                                            4:20-cv-00788-DPM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                 RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

On June 25, 2020, Petitioner Ricky Ashley filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 2.) Mr. Ashley alleges that President Donald Trump and Justice Clarence Thomas conspired with Judges Susan Webber Wright, Gary M. Arnold, and J. Thomas Ray to forge sentencing orders in two state criminal cases. (*Id.* at 2.) Mr. Ashley attaches a sentencing order from the Saline County Circuit Court but provides no evidence to suggest this document has been forged. (*Id.* at 3-5.)

Mr. Ashley has also failed to exhaust his claims in state court, claiming the courts "refused to correspond" with him. (*Id.* at 7.) Mr. Ashley does not explain what he means by this, nor does he provide any evidence that he has attempted and failed to exhaust his remedies in state court.

This is the sixth petition for writ of habeas corpus that Mr. Ashley has filed within the past nine months. Mr. Ashley has previously filed two habeas petitions that this Court dismissed without prejudice for failure to exhaust his claims in state court. *See Ashley v. Payne,* No. 4:19-

cv-00624-SWW; *Ashley v. Payne*, No. 4:20-cv-00203-SWW. On June 29, 2020, this Court dismissed a nearly identical habeas petition filed by Mr. Ashley in which he accused President Trump of authorizing Arkansas Circuit Court Judge Gary Arnold, United States District Judge Susan Webber Wright, and United States Magistrate Judge J. Thomas Ray to "forge documents" in a state criminal case. *See Ashley v. Payne,* No. 4:20-CV-00726-SWW-JTR.

## II.  DISCUSSION

After a § 2254 habeas petition is filed, the Court is required to conduct an initial review of the claims and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions); 28 U.S.C. § 2243.

Additionally, Petitioner has been granted permission to proceed without prepayment of fees, (Doc. No. 3), and 28 U.S.C. § 1915 requires the Court to dismiss any prisoner case that only alleges claims that are frivolous or malicious. *See* 28 U.S.C. § 1915A(b) ("the court shall . . . dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."). A complaint which contains both factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mr. Ashley's claims are frivolous.  He provides no evidence to support these claims, does not attempt to explain how the sentencing order was forged, in what way it was forged, nor what motive Justice Thomas and President Trump would have to illegally incarcerate him.  Accordingly, Mr. Ashley's Petition should be dismissed on this basis alone.

Furthermore, despite being told numerous times to do so in his other cases, (*see e.g. Ashley v. Payne*, 4:19cv624, Doc. 30 at 3), Mr. Ashley has failed to exhaust his remedies in state court. According to 28 U.S.C. § 2254(b), a habeas petition shall not be granted unless:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Mr. Ashley has initiated an appeal in state court but has failed to perfect it. *See State v. Ashley,* 63CR-18-578, http.www.arcourts.gov.  Mr. Ashley provides no evidence to suggest that there is an absence of available state corrective process or that circumstances exist that render the process ineffective. Mr. Ashley claims only that the state court "has refused to correspond" with him. Mr. Ashley provides no evidence to support this claim, and it is refuted by the state court record.  So, Mr. Ashley's Petition should also be dismissed for first failing to exhaust his remedies in state court.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  No such showing has been made here, and no certificate of appealability should issue.

### IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Ashley's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 30th day of June 2020.

                                                                   JOE J. VOLPE
                                                                   UNITED STATES MAGISTRATE JUDGE